DAVID L. NEALE (SBN 141225)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Attorneys for Franchise Pictures LLC, *et al.*

STUART I. KOENIG (SBN 102764)
CREIM, MACIAS, KOENIG & FREY LLP
633 West Fifth Street, 51st Floor
Los Angeles, California 90071
Telephone: (213) 614-1944
Facsimile: (213) 615-1961
Attorneys for SPE Holding Corp., *et al.*

FILED
SEP - 5 2006
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>FRANCHISE PICTURES LLC, *et al.*<br><br>Debtors.<br><br>☒ Affects All Debtors<br>☐ Affects Only | Case No. SV 05-13855-MT<br>Chapter 11<br>(Jointly Administered) |
| In re<br><br>SPE HOLDING CORP., *et al.*,<br><br>Debtors.<br><br>☒ Affects All Debtors<br>☐ Affects Only | Case No. SV 05-50077-MT<br>Chapter 11<br>(Jointly Administered)<br><br>SUBMISSION OF <u>2ND AMENDED</u> SCHEDULE 3.3(b) AND <u>3RD AMENDED</u> SCHEDULE 6.1 TO THE "ASSET PURCHASE AGREEMENT BETWEEN FRANCHISE PICTURES LLC AND CERTAIN AFFILIATES AND FPLAC LLC DATED AS OF APRIL 28, 2006"<br><br>[No Hearing Required] |

ORIGINAL

Franchise Pictures LLC, Franchise Pictures, Inc., Franchise Films LLC, Franchise Entertainment LLC, 3000 Miles Productions, Inc., Alex and Emma Productions, Inc., Auggie Rose Productions, Inc., Battlefield Productions, LLC, Carter Productions, LLC, Champs Productions Inc., Conprod, Inc., Heightened Productions Inc., Nine Yards Productions, LLC, Phoenician Entertainment LLC, Pledge Productions, Inc., Rangers Productions, Inc., Seraph Productions, Inc., Split Card Films, Inc., Suite Productions LLC, Valentine Productions, Inc., VLN Productions, Inc., TGD Productions, Inc., Phoenician Entertainment, Inc., Nordhoff Rentals, Inc., Franchise Classics Pictures, Inc., Franchise Creative Corp. and Franchise Television LLC, as debtors and debtors in possession jointly administered under Case No. SV 05-13855-MT (collectively, the "Franchise Debtors"), and Animal Productions, LLC, Captured Productions, Inc., Cinema Holdings, Inc., Desperate, Inc., Disorder Productions, Inc., Lost Angels Distributions, Inc., Merciless Movies, Inc., Nine Yards Two Productions, Inc., Rabbitprod, Inc., Restrained Films, Inc., Ripped Films, Inc., Rumbling Productions, Inc., Saint Mortimer Films, Inc., Seabreeze Productions, Inc., Sever Productions, Inc., Silent Productions, Inc., Snake Eyes Productions, Inc., South Boondock Productions, Inc., Spartan Distribution, Inc., SPE Holding Corp., Stormy Productions, Inc., Twin Pictures Acquisition Corp., Unbelievable Productions, Inc., VS Productions, Inc., Zig Zag Productions, Inc. and Franchise Studios LLC, as debtors and debtors in possession jointly administered under Chapter 11 Case No. SV 05-50077-MT (collectively, the "SPE Debtors," and, together with the Franchise Debtors, the "Debtors" or the "Sellers"), hereby submit the attached 2nd Amended Schedule 3.3(b) and 3rd Amended Schedule 6.1 to the "Asset Purchase Agreement Between Franchise Pictures LLC And Certain Affiliates And FPLAC LLC Dated As Of April 28, 2006," which is the subject of the "Debtors' Motion To Approve (1) Sale Of Assets Free And Clear Of Liens And Interests; (2) Assumption And Assignment Of Designated Executory Contracts; And (3)

Rejection Of Designated Executory Contracts."

Dated: September 1, 2006                    FRANCHISE PICTURES LLC, et al.

By: _____
DAVID L. NEALE
RON BENDER
JULIET Y. OH
LEVENE, NEALE, BENDER, RANKIN
& BRILL L.L.P.
Attorneys for Chapter 11 Debtors and
Debtors in Possession

Dated: September 1, 2006                    SPE Holding Corp., et al.

By: _____
STUART I. KOENIG
CREIM, MACIAS, KOENIG &
FREY LLP
Attorneys for Chapter 11 Debtors and
Debtors in Possession

## 2ND AMENDED SCHEDULE 3.3(b)
## Warner Bros. Agreements[1]
## Taken "Subject To" By Purchaser[2]

|   | Title(s) | Description |
|---|----------|-------------|
| 1. | Whole Nine Yards, The<br>Battlefield Earth<br>Get Carter<br>Angel Eyes<br>City By The Sea<br>Driven<br>Heist<br>Art of War, The<br>Pledge, The<br>3000 Miles To Graceland | Distribution Agreement dated August 1, 1999, as amended by those certain letter agreements dated as of October 11, 1999 and December 15, 1999, by and between Warner Bros., on the one hand and Franchise Pictures, LLC and Franchise Entertainment LLC, on the other hand, with respect to Warner's option to enter into agreement whereby Warner would acquire distribution rights in certain motion pictures delivered by Franchise to Morgan Creek Productions, Inc. pursuant to that certain Agreement dated as of 10/20/98 ("First Slate Agreement"). |
| 2. | Alex And Emma<br>Sound Of Thunder, A<br>Ballistic: Ecks vs. Sever<br>Fear.com<br>Spartan<br>The In-Laws<br>Whole Ten Yards, The | Distribution Agreement dated August 1, 1999 by and between Warner Bros., on the one hand and Franchise Pictures, LLC and Franchise Entertainment LLC, on the other hand, with respect to Warner's option to enter into agreement whereby Warner would acquire distribution rights in certain motion pictures delivered by Franchise to Morgan Creek Productions, Inc. pursuant to that certain Agreement dated as of 10/20/98 ("Second Slate Agreement"). |
| 3. | Animal Factory<br>Art of War<br>Auggie Rose<br>Battlefield Earth<br>Ablaze<br>Captured (aka Agent Red)<br>Critical Mass<br>Entropy<br>Five Aces<br>Jill Rips<br>Mercy<br>Rangers<br>Submerged<br>Third Miracle, The<br>Things You Can Tell Just By<br>Tracker, The<br>White River Kid<br>Woman Wanted<br>Viva Las Nowhere | Memorandum of International Distribution Agreement (Latin America) dated December 1, 2000 between Warner Bros. and Franchise Pictures, LLC granting Warner Bros. the exclusive right to distribute and exploit various motion pictures in certain specified Latin America, Central America and Caribbean territories. |

Page 1

[1] The inclusion of any agreement on this Schedule shall not be deemed an admission that such agreement is an executory contract. The parties hereby reserve the issue of whether any agreement listed herein is executory in nature for the Court.

[2] The assumption and assignment to Purchaser of the agreements listed herein are subject to Court approval of that certain Settlement Agreement by and among the Franchise Debtors, the SPE Debtors and certain Warner Bros. entities.

## 2ND AMENDED SCHEDULE 3.3(b)
### Warner Bros. Agreements[1]
### Taken "Subject To" By Purchaser[2]

| | | |
|---|---|---|
| 4. | 3000 Miles To Graceland<br>Angel Eyes<br>Driven<br>Get Carter<br>Heist<br>Pledge, The | Term Sheet (Europe) dated as of June 15, 2001 between Warner Bros., on the one hand, and Franchise Pictures, LLC, Pledge Productions, Inc., Carter Productions, LLC, Seraph Productions, Inc., 3000 Miles Productions, Inc., Champs Productions, Inc. and Heightened Productions, Inc., on the other hand, granting Warner Bros. the exclusive right to distribute and exploit various motion pictures in certain European territories. |
| 5. | Pledge, The<br>Heist<br>City By The Sea<br>Caveman's Valentine<br>3000 Miles To Graceland | Acquisition and Distribution Term Sheet (Japan TV) dated as of June 4, 2002 between Warner Bros. International Television Distribution, on the one hand, and Franchise Pictures, LLC, on the other hand, granting Warner Bros. the exclusive license to distribute various motion pictures in Japanese television. |
| 6. | 3000 Miles To Graceland | Intercreditor Agreement dated as of March 3, 2000 by and among Warner Bros., Morgan Creek Productions, Inc., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., Worldwide Film Completion, Inc., and Imperial Bank regarding the motion picture *3000 Miles To Graceland*. |
| 7. | Alex And Emma | Purchase and Distribution Agreement dated as of October 30, 2002, and Amendment thereto dated as of February 2, 2004, by and among Franchise Pictures LLC, Franchise Entertainment LLC, Alex and Emma Productions, Inc. and Warner Bros., in connection with the grant of certain rights to Warner Bros. in the motion picture *Alex and Emma*. |
| 8. | Alex And Emma | Interparty Agreement dated as of February 7, 2003 by and among Alex And Emma Productions, Inc., Warner Bros., Franchise Pictures, LLC, Film Finances, Inc., the Lewis Horwitz Organization and Royal Bank of Canada regarding the motion picture *Alex and Emma*. |
| 9. | Angel Eyes | Acquisition and Distribution Term Sheet (Japan TV) dated as of June 4, 2002 between Warner Bros. International Television Distribution, on the one hand, and Franchise Pictures, LLC, on the other hand, granting Warner Bros. the exclusive license to distribute the motion picture *Angel Eyes* in Japanese television. |
| 10. | Angel Eyes | Purchase and Distribution Agreement (Latin America) dated as of March 23, 2000 by and between Franchise Pictures LLC and Warner Bros., granting Warner Bros. the exclusive right to distribute and exploit the motion picture *Angel Eyes* in certain Latin America territories and, to some extent, certain Caribbean territories. |

Page 2

---

[1] The inclusion of any agreement on this Schedule shall not be deemed an admission that such agreement is an executory contract. The parties hereby reserve the issue of whether any agreement listed herein is executory in nature for the Court.

[2] The assumption and assignment to Purchaser of the agreements listed herein are subject to Court approval of that certain Settlement Agreement by and among the Franchise Debtors, the SPE Debtors and certain Warner Bros. entities.

**2ND AMENDED SCHEDULE 3.3(b)**
**Warner Bros. Agreements[1]**
**Taken "Subject To" By Purchaser[2]**

| 11. | Angel Eyes | Intercreditor Agreement dated as of April 19, 2000 by and among Warner Bros., Morgan Creek Productions, Inc., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., Film Finances, Inc., and Imperial Bank regarding the motion picture *Angel Eyes*. |
|---|---|---|
| 12. | Art of War | Intercreditor Agreement dated as of June, 2000 by and among Warner Bros., Morgan Creek Productions, Inc., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., The Completion Guarantors (TCG) Inc., and Imperial Bank regarding the motion picture *Art of War*. |
| 13. | Ballistic: Ecks vs. Sever | Letter Distribution Agreement dated as of December 21, 2001 between Warner Bros., on the one hand, and Franchise Pictures LLC, Franchise Entertainment LLC, and Sever Productions, Inc., on the other hand, with respect to the distribution of the theatrical motion picture then titled *Ecks vs. Sever*. |
| 14. | Ballistic: Ecks vs. Sever | Intercreditor Agreement dated as of February 6, 2002, Amendment No. 1 thereto dated as of August 28, 2002, and Amendment No. 2 thereto entered into as of January, 2004, by and among Warner Bros., Franchise Pictures, LLC, Franchise Entertainment LLC, Sever Productions, Inc., Film Finances, Inc., and Comerica Bank regarding the motion picture *Ecks vs. Sever*. |
| 15. | Ballistic: Ecks vs. Sever | Purchase and Distribution Agreement (UK/Australia/Japan) dated as of February 14, 2002 by and among Franchise Pictures LLC, Sever Productions, Inc. and Warner Bros., granting Warner Bros. the exclusive right to distribute and exploit the motion picture *Ecks vs. Sever* in certain specified United Kingdom, Australia and Japan territories. |
| 16. | Battlefield Earth | Intercreditor Agreement dated as of March 22, 2000 by and among Warner Bros., Morgan Creek Productions, Inc., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., Worldwide Film Completion, Inc., and Imperial Bank regarding the motion picture *Battlefield Earth*. |
| 17. | City By The Sea | Letter Distribution Agreement dated as of August 22, 2000, as amended by that certain letter agreement dated as of February 13, 2001, by and between Warner Bros., on the one hand, and Franchise Pictures LLC, Franchise Entertainment LLC, and Seabreeze Productions, Inc., on the other hand, with respect to the distribution of the theatrical motion picture then titled *City By The Sea*. |

Page 3

[1] The inclusion of any agreement on this Schedule shall not be deemed an admission that such agreement is an executory contract. The parties hereby reserve the issue of whether any agreement listed herein is executory in nature for the Court.

[2] The assumption and assignment to Purchaser of the agreements listed herein are subject to Court approval of that certain Settlement Agreement by and among the Franchise Debtors, the SPE Debtors and certain Warner Bros. entities.

**2ND AMENDED SCHEDULE 3.3(b)**
**Warner Bros. Agreements[1]**
**Taken "Subject To" By Purchaser[2]**

| 18. | City By The Sea | Intercreditor Agreement dated as of November 15, 2000, as amended by that certain letter agreement dated as of February 13, 2001, by and among Warner Bros., Franchise Pictures, LLC, Franchise Entertainment LLC, Seabreeze Productions, Inc., Franchise Pictures, Inc., WorldWide Film Completion, Inc., and Imperial Bank regarding the motion picture *City By The Sea*. |
|---|---|---|
| 19. | City By The Sea | Purchase and Distribution Agreement (UK) dated as of December 7, 2000, and Amendment thereto dated as of February 13, 2001, by and among Franchise Pictures LLC, Seabreeze Productions, Inc. and Warner Bros., granting Warner Bros. the exclusive right to distribute and exploit the motion picture *City By The Sea* in certain foreign territories, including the United Kingdom. |
| 20. | Driven (*fka* Champs) | Letter Distribution Agreement dated as of June 26, 2000 by and between Warner Bros., on the one hand, and Franchise Pictures LLC, Franchise Entertainment LLC, and Champs Productions, Inc., on the other hand, with respect to the distribution of the theatrical motion picture then titled *Champs* (aka *Driven*). |
| 21. | Driven (*fka* Champs) | Intercreditor Agreement dated as of June 23, 2000 by and among Warner Bros., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., Worldwide Film Completion, Inc., and Imperial Bank regarding the motion picture then titled Champs (aka *Driven*). |
| 22. | Fear.com | Purchase and Distribution Agreement dated as of August 14, 2002 by and among Franchise Pictures LLC, Franchise Entertainment LLC and Warner Bros., in connection with the grant of certain rights to Warner Bros. in the motion picture *Fear.com*. |
| 23. | Fear.com | Corridor Agreement dated as of August 29, 2003 by and among Warner Bros., Franchise Pictures, LLC, Franchise Entertainment LLC and Apollo Media GmbH & Co. 4 Filmproduktion KG regarding the motion picture *Fear.com*. |
| 24. | Get Carter | Purchase and Distribution Agreement (Latin America) dated as of June 25, 1999 by and between Franchise Pictures, LLC and Warner Bros., granting Warner Bros. the exclusive right to distribute and exploit the motion picture *Get Carter* in certain Latin America territories and, to some extent, certain Caribbean territories. |

Page 4

---

[1] The inclusion of any agreement on this Schedule shall not be deemed an admission that such agreement is an executory contract. The parties hereby reserve the issue of whether any agreement listed herein is executory in nature for the Court.

[2] The assumption and assignment to Purchaser of the agreements listed herein are subject to Court approval of that certain Settlement Agreement by and among the Franchise Debtors, the SPE Debtors and certain Warner Bros. entities.

**2ND AMENDED SCHEDULE 3.3(b)**
**Warner Bros. Agreements[1]**
**Taken "Subject To" By Purchaser[2]**

| | | |
|---|---|---|
| 25. | Get Carter | Intercreditor Agreement dated as of September 14, 2000 by and among Warner Bros., Morgan Creek Productions, Inc., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., Carter Productions, Inc., Film Finances, Inc., Imperial Bank and NIB Capital Bank, NV regarding the motion picture *Get Carter*. |
| 26. | Hairy Tale | Purchase and Distribution Agreement dated as of June 25, 2002 by and among Franchise Pictures, LLC, Hairy Tale Distribution, Inc. and Warner Bros. granting Warner Bros. the exclusive right to distribute and exploit the motion picture *Hairy Tale*. |
| 27. | Hairy Tale | Interparty Agreement dated as of June 14, 2002 by and among ApolloMedia GmbH & Co. 5 Filmproduktion KG, ApolloMedia GmbH, Hathor Productions Sarl, MFF (Hairy Tale) Ltd., Hairy Tale Distribution, Inc., Warner Bros., Franchise Pictures, LLC, MFF Leasing Limited, Film Finances, Inc. and the Lewis Horwitz Organization regarding the motion picture *Hairy Tales*. |
| 28. | Heist | Purchase and Distribution Agreement (Latin America) dated as of July 25, 2002 by and between Warner Bros., on the one hand, and Franchise Pictures, LLC and Heightened Productions, Inc., on the other hand, granting Warner Bros. the exclusive right to distribute and exploit the motion picture *Heist* in Mexico and all countries, territories and possessions within Central America, South America and the Caribbean Basin. |
| 29. | Heist | Intercreditor Agreement dated as of August 11, 2000 by and among Warner Bros., Morgan Creek Productions, Inc., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., Heightened Productions, Inc., Film Finances, Inc., and Imperial Bank regarding the motion picture *The Heist*. |
| 30. | In-Laws, The (*fka* Til Death Do Us Part and The Wedding Party) | Purchase and Distribution Agreement dated as of August 20, 2002, as amended by the First Amendment dated as of September 27, 2002 and the Second Amendment dated as of August 15, 2003, by and among Franchise Pictures LLC, Franchise Entertainment LLC, TDP Distribution, Inc. and Warner Bros., in connection with the grant of rights to Warner Bros. in the motion picture *Til Death Do Us Part*. |
| 31. | In-Laws, The (*fka* Til Death Do Us Part and The Wedding Party) | Intercreditor Agreement dated as of August 28, 2002, as amended by Amendment No. 1 entered into as of April 30, 2004, by and among Warner Bros., Franchise Pictures, LLC, Franchise Entertainment LLC, T.D.P. Distribution, Inc., Film Finances, Inc. and Comerica Bank regarding the motion picture *'Til Death Do Us Part*. |

Page 5

---

[1] The inclusion of any agreement on this Schedule shall not be deemed an admission that such agreement is an executory contract. The parties hereby reserve the issue of whether any agreement listed herein is executory in nature for the Court.

[2] The assumption and assignment to Purchaser of the agreements listed herein are subject to Court approval of that certain Settlement Agreement by and among the Franchise Debtors, the SPE Debtors and certain Warner Bros. entities.

## 2ND AMENDED SCHEDULE 3.3(b)
### Warner Bros. Agreements[1]
### Taken "Subject To" By Purchaser[2]

| | | |
|---|---|---|
| 32. | In-Laws, The (*fka* Til Death Do Us Part and The Wedding Party) | Television Rights Distribution Agreement dated as of December 21, 2002 between GAGA Communications, Inc. and Franchise Pictures LLC regarding "The In-Laws" |
| 33. | Out of Reach | Distribution Agreement dated as of October 30, 2003 between Warner Bros. Domestic Cable Distribution and Franchise Studios LLC as Agent for Reach Productions, Inc. to acquire the exclusive television distribution rights to the film entitled *Out of Reach* starring Steven Seagal. |
| 34. | Pledge, The | Intercreditor Agreement dated as of January 3, 2001 by and among Warner Bros., Morgan Creek Productions, Inc., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., Worldwide Film Completion, Inc., Imperial Bank and De Nationale Investeringsbank, NV regarding the motion picture *'The Pledge*. |
| 35. | Sound of Thunder, A | Purchase and Distribution Agreement dated as of August 28, 2002, as amended by the First Amendment dated April 14, 2003, by and among Franchise Pictures, LLC, Franchise Entertainment LLC, Laptron, Ltd. and Warner Bros., in connection with the grant of certain rights to Warner Bros. in the motion picture *A Sound of Thunder*. |
| 36. | Sound of Thunder, A | Intercreditor Agreement dated as of October 17, 2003 by and among Warner Bros., Franchise Pictures, LLC, Franchise Entertainment LLC, Laptron Limited, Film Finances, Inc. and Comerica Bank regarding the motion picture *A Sound of Thunder*. |
| 37. | Spartan | Purchase and Distribution Agreement dated as of April 17, 2003 by and among Franchise Pictures LLC, Franchise Entertainment LLC, Spartan Distribution, Inc., and Warner Bros., in connection with the grant of certain rights to Warner in the motion picture *Spartan*. |
| 38. | Spartan | Interparty Agreement dated as of June 25, 2003 by and among ApolloProMedia GmbH & Co. 1 Filmproduktion KG, ApolloProMedia GmbH & Co. 2 Filmproduktion KG, ApolloProMedia GmbH & Co. 3 Filmproduktion KG, ApolloProMedia GmbH & Co. 4 Filmproduktion KG, ApolloProMedia GmbH & Co. 5 Filmproduktion KG, QI Quality International GmbH & Co. KG, Spartan Distribution, Inc., Kolin S.A., Spartan Production, Inc., Warner Bros., Franchise Pictures LLC, Franchise Entertainment, LLC, Film Finances, Inc. and The Lewis Horwitz Organization regarding the motion picture *Spartan*. |

Page 6

---

[1] The inclusion of any agreement on this Schedule shall not be deemed an admission that such agreement is an executory contract. The parties hereby reserve the issue of whether any agreement listed herein is executory in nature for the Court.

[2] The assumption and assignment to Purchaser of the agreements listed herein are subject to Court approval of that certain Settlement Agreement by and among the Franchise Debtors, the SPE Debtors and certain Warner Bros. entities.

## 2ND AMENDED SCHEDULE 3.3(b)
### Warner Bros. Agreements[1]
### Taken "Subject To" By Purchaser[2]

| 39. | Whole Nine Yards, The | Intercreditor Agreement dated as of February 18, 2000 by and among Warner Bros., Morgan Creek Productions, Inc., Franchise Pictures, LLC, Franchise Entertainment LLC, Franchise Pictures, Inc., Film Finances, Inc. and Imperial Bank regarding the motion picture *The Whole Ten Yards*. |
|---|---|---|
| 40. | Whole Ten Yards, The | Purchase and Distribution Agreement dated as of April 1, 2003 by and among Franchise Pictures LLC, Franchise Entertainment LLC, Nine Yards Two Productions, Inc., Nine Yards Two Distribution, Inc. and Warner Bros., in connection with the grant of certain rights to Warner in the motion picture *The Whole Ten Yards*. |
| 41. | | Settlement Agreement dated as of August 10, 2006 by and among the Franchise Debtors, the SPE Debtors, Warner Bros. Pictures, a division of Warner Bros. Studios LLC, Warner Bros. International Television Distribution Inc., Warner Bros. Domestic Cable Distribution, Inc., and Warner Home Video, Inc. (the "Warner Entities"), their predecessors or successors in interest with respect to agreements with one or more of the Debtors or agreements made by one or more of the Debtors for the benefit of one or more of the Warner Entities, and any affiliates of the Warner Entities that are parties to or the beneficiaries of an agreement with one or more of the Debtors. This Settlement Agreement was approved by the Court pursuant to its order entered on August 23, 2006. |

Page 7

[1] The inclusion of any agreement on this Schedule shall not be deemed an admission that such agreement is an executory contract. The parties hereby reserve the issue of whether any agreement listed herein is executory in nature for the Court.

[2] The assumption and assignment to Purchaser of the agreements listed herein are subject to Court approval of that certain Settlement Agreement by and among the Franchise Debtors, the SPE Debtors and certain Warner Bros. entities.

## 3RD AMENDED EXHIBIT 6.1
## LIST OF ASSUMED CONTRACTS[1]

See, Schedule 3.3(b) to the Asset Purchase Agreement. Only those contracts specified in Schedule 3.3(b) shall be assumed and assigned to Purchaser.

Notwithstanding the foregoing, the following agreements may also be assumed and assigned to Purchaser, at Purchaser's request:

1. Sales Agency Agreement dated as of August 27, 2002 between Laptron Ltd. And Franchise Pictures LLC with respect to the sales agency rights for the universe for the motion picture "A Sound of Thunder."

2. Purchase and Distribution Agreement dated as of April 17, 2003 by and between ApolloProMedia GmbH & Co. 1 Filmproduktion KG and its various related co-production entities on the one hand, and Spartan Distribution, Inc. on the other hand for the worldwide distribution rights to the motion picture "Spartan."[2]

3. Purchase and Distribution Agreement dated as of June 25, 2002 by and between Apollo Media GmbH & Co. 5 Filmproduktion KG and Hairy Tale Distribution, Inc. on the other hand for the worldwide distribution rights to the motion picture "Hairy Tale" (also known as "Funky Monkey").[1]

4. Television Rights Distribution Agreement dated as of December 21, 2002 between GAGA Communications, Inc. and Franchise Pictures LLC regarding the film entitled "The In-Laws."

5. Television Rights Distribution Agreement dated as of June 1, 2002 between GAGA Communications, Inc. and Franchise Pictures LLC regarding the five films entitled "City By the Sea," "Ecks vs. Sever," "Fear.com," "The Whole Ten Yards" and "Alex and Emma."

6. International Distribution Agreement dated as of November 4, 2005 between Spartan Distribution, Inc. and Epsilon Motion Pictures GmbH for the distribution rights to all media for the territory of German Speaking Europe (and for all languages for theatrical exploitation in Switzerland) for the motion picture entitled "Spartan."

---

[1] The inclusion of any agreement on this Schedule shall not be deemed an admission that such agreement is an executory contract. The parties hereby reserve the issue of whether any agreement listed herein is executory in nature for the Court.

[2] The assumption and assignment to Purchaser of this agreement to Purchaser is contingent upon the finalization of the pending agreement between Purchaser and ApolloProMedia relating to such agreement.

7. Master License Agreement, dated as of October 3, 2000 between Franchise Pictures LLC and Fintage Magyar Kft., together with its various exhibits, as amended.

# SUPPLEMENTAL PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067.

On September 1, 2006 I served the document(s) described as:

**SUBMISSION OF 2ND AMENDED SCHEDULE 3.3(b) AND 3RD AMENDED SCHEDULE 6.1 TO THE "ASSET PURCHASE AGREEMENT BETWEEN FRANCHISE PICTURES LLC AND CERTAIN AFFILIATES AND FPLAC LLC DATED AS OF APRIL 28, 2006"**

on the interested parties in this action:

**VIA FACSIMILE: (818)716-1576**
Marjorie L. Erickson, Esq. **
OFFICE OF THE U.S. TRUSTEE
21051 Warner Center Lane, #115
Woodland Hills, CA 91367

_____ (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on _____, 2006, at Los Angeles, California.

_____ (By Federal Express and Express Mail) I caused said document to be sent via Federal Express or for next business morning delivery. Executed on _____, 2006, at Los Angeles, California.

__X**__ (By Facsimile) I caused said document to be sent via facsimile to the office of the addressee so designated on the address above. Executed on September 1, 2006, at Los Angeles, California.

__X__ (By E-mail) I caused said document to be sent via email (see attached email service list). to the office(s) of the addressee(s) so designated on the attached list. Executed on September 1, 2006, at Los Angeles, California.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (Federal) I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under the laws of the United States of America that the foregoing is true and correct.

Angela Antonio

E-mail Addresses:
lpeitzman@pwkllp.com; dshemano@pwkllp.com; ultra@vsnl.com;
basun@jonesday.com; kehertel@jonesday.com; kaschmitz@jonesday.com;
jshenson@ktbslaw.com; sedelman@gibsondunn.com; ogarza@gibsondunn.com;
snewman@gibsondunn.com; madler@gibsondunn.com; efromme@gibsondunn.com;
dperlman@perlmanlaw.com; sara.chenetz@dlapiper.com; eisrael@dgdk.com;
bspiegel@kirkland.com; lsinanyan@kirkland.com; clcatlaw@aol.com;
clcella@cellalaw.org; mark@sharflaw.com; mbrewer@hgblaw.com;
jlindsay@hgblaw.com; gklausner@stutman.com; msundelin@stutman.com;
dgould@mwe.com; jmsullivan@mwe.com; rsoref@buchalter.com;
arhim@buchalter.com; mrsal310@aol.com; ctrunkey@phoenixpictures.com;
fspecktor@caa.com; snewman@gibsondunn.com; david@grayboxllc.com;
jkohanski@geffner-bush.com; kerskine@geffner-bush.com; ljurich@loeb.com;
dfidler@ktbslaw.com; geg@msk.com; ldiamant@rdwlawcorp.com;
bdavidoff@rutterhobbs.com; fspecktor@caa.com; GJV@amclaw.com;
JSH@amclaw.com; sharelaw@aol.com; glassmanp@gtlaw.com;
mholtz@lavelysinger.com; crebhun@kayescholer.com; carlosp@racclaw.com;
hschochet@steefel.com; StarrA@GTLAW.com; jpb@brincko.com; rhavel@sidley.com;
rpark@sidley.com; sneely@sidley.com; skoenig@cmkllp.com; stregub@stpclaw.com