1  Susan H. Tregub, Esq. (SBN 165362)
   10100 Santa Monica Blvd., Suite 1250
2  Los Angeles, CA 90067
   Telephone:   (818) 286-7200
3  Facsimile:   (818) 474-8522

4  Attorneys for FPLAC, LLC

FILED
JAN 11 2008
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. SV 05-13855 MT |
| | CHAPTER 11 |
| FRANCHISE PICTURES, LLC, et al., | DECLARATION OF DAVID BERGSTEIN IN SUPPORT OF MOTION BY FPLAC, LLC FOR AN ORDER CLARIFYING THE SALE ORDER AND ASSET PURCHASE AGREEMENT RELATING TO THE PURCHASE OF DEBTORS' ASSETS AND AMENDING SCHEDULE 3.2(a) THEREOF |
| Debtor. | |
| ☑ Affects All Debtors | |
| In re | |
| SPE HOLDING CORP., et al. | |
| Debtors. | Date: February 4, 2007 |
| ☑ Affects All Debtors | Time: 10:00am |
| | Place: Courtroom 302 |
| | 21041 Burbank Blvd. |
| | Woodland Hills, CA 91367 |

## DECLARATION OF DAVID BERGSTEIN

I, DAVID BERGSTEIN, HEREBY DECLARE AS FOLLOWS:

1. I am the Manager of FPLAC, LLC. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am providing this Declaration in support of FPLAC, LLC's Motion by FPLAC, LLC for an Order Clarifying the Sale Order and Asset Purchase Agreement Relating to the Purchase of Debtors' Assets And Amending Schedule 3.2(a).

3. I am the principal party involved on behalf of FPLAC, LLC ("Purchaser") in the negotiations with the estate of Franchise Pictures, LLC (the "Franchise Debtors") and the estate of SPE Holding Corp. (the "SPE Debtors" and collectively, with the Franchise Debtors, the "Sellers") of substantially all of Sellers' assets to Purchaser and Morgan Creek Productions, Inc. ("Morgan Creek") in accordance with Sections 363 and 365 and other applicable provisions of the Bankruptcy Code.

4. In December 2005 Sellers and Purchaser entered into a Letter of Intent pursuant to which it was intended that Purchaser would acquire substantially all of Sellers' assets (the "Sale"). Thereafter, Sellers and Purchaser and certain third parties engaged in substantial negotiation of terms and conditions of the Sale, resulting in an Asset Purchase Agreement being signed by the parties on or about April 28, 2006 (the "APA").

5. The APA was filed on May 11, 2006 as Exhibit A to the "Declaration of John Brincko in Support of the Sellers' Notice of Motion and Motion for an Order (1) Approving Bidding Procedures and (2) Setting a Date and Time for Sale Hearing." At that time, the schedules associated with and referred to in the APA (the "APA Schedules") were not attached to the APA and were not at that point filed with the Court.

6. Purchaser negotiated with Sellers for the acquisition of the "Purchased Assets" as

that term is defined in the APA and as those assets were set forth on Schedule 3.1 of the APA Schedules. Throughout the process of documenting the Sale the "Development Projects" owned by Sellers were included in the assets Purchaser was acquiring from Sellers. The APA Schedules had to be revised and amended from time to time and amended schedules to the APA were filed with the Court on August 10, 2006 (the "Amended Schedules"). Throughout the Sale process the Development Projects were always intended to be and were a part of the assets Purchaser was acquiring.

7. On June 9, 2006 the Sellers filed a motion (the "Sale Motion") seeking an order of the Court to, among other things, approve the sale of substantially all of the Sellers' assets to Purchaser or its designee or a party tendering a higher and better offer for such assets in accordance with the terms of the APA executed by the parties on or about April 28, 2006. The hearing on the Sale was scheduled by the Court for September 5, 2006 ("Sale Hearing").

8. After the Sale Motion was filed and after the Amended Schedules were filed, in approximately mid-August 2006 Purchaser was approached by Morgan Creek Productions, Inc. ("Morgan Creek") regarding potentially entering into a joint transaction for the acquisition of the Sellers' assets. I was acting on behalf of Purchaser in these negotiations. On August 15, 2006 Purchaser received a proposed term sheet for a joint acquisition of Sellers' assets by Purchaser and Morgan Creek. Morgan Creek attached a schedule of assets it was proposing to acquire, none of which included the Development Projects. Purchaser rejected Morgan Creek's proposed terms for a joint acquisition of Sellers' assets.

9. Thereafter, in late August 2006 Sellers, Morgan Creek again approached Purchaser regarding a joint acquisition of Sellers' assets. I negotiated on behalf of Purchaser and an agreement was reached relating to a joint transaction. There was no negotiation relating to Purchaser's acquisition of the Development Projects as part of its "Purchased Assets" in the

joint transaction. Never once during any such negotiation did Morgan Creek address, or even mention, the Development Projects.

10. At the time that the draft of the joint asset purchase agreement among Sellers, Purchaser and Morgan Creek (the "Joint APA") and the schedules to the Joint APA were being circulated, I did not realize that the Development Projects had been omitted from the schedules. During this time, in anticipation of the Sale Hearing, there was intense negotiating among many parties in order to finalize the Joint APA and resolve the objections that had been filed to the Sale Motion. The volume of work, communications, and documentation during that period was extensive.

11. The Development Projects were specifically addressed and were part of the assets that Sellers were selling and Purchaser was acquiring. The documentation relating to the Sale Motion and the APA clearly shows that Purchaser was acquiring the Development Projects. I was not a party to any communication in which Morgan Creek referred to the Development Projects. I believe that counsel for Morgan Creek inadvertently omitted the Development Projects from Schedule 3.2(a) and this mistake was not caught until Hans Turner and Susan Tregub were reviewing chain of title for one of the Development Projects.

12. If the Court orders that an Amended Schedule 3.2(a) that includes the Development Projects be filed and made a part of the Sale Order and Joint APA, Purchaser will own that which it negotiated for and will be in a position to clear the chain of title issues it is having and will continue to have relating to the Development Projects.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of January 2008 at Los Angeles, California.



DAVID BERGSTEIN, Declarant

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., Suite 1250, Los Angeles, CA 90067.

On January 11, 2008 I served the following documents described as DECLARATION OF DAVID BERGSTEIN IN SUPPORT OF MOTION BY FPLAC, LLC FOR AN ORDER CLARIFYING THE SALE ORDER AND ASSET PURCHASE AGREEMENT RELATING TO THE PURCHASE OF DEBTORS' ASSETS AND AMENDING SCHEDULE 3.2(a) THEREOF on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows:

See Attached Service List

__XX__ (BY MAIL) as follows: I caused such envelope with postage thereon, fully prepaid, to be placed in the United States mail.

_____ (BY FACSIMILE) as follows: I caused the foregoing document(s) to be served by facsimile transmission by use of the facsimile number (818) 789-9697 to each interested party at the facsimile number shown below. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

__XX__ (FEDERAL) I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

I declare under penalty of perjury that under the laws of the State of California that the foregoing is true and correct.

Executed this 11th day of January 2008 in Los Angeles, California.

I declare under the laws of the United States of America that the foregoing is true and correct.

_____
Alanna Guardino

| | |
|---|---|
| **Counsel for Debtor**<br>David L. Neale, Esq.<br>Juliet Y. Oh, Esq.<br>LEVENE, NEALE, BENDER, RANKIN & BRILL<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA 90067 | **U.S. Trustee**<br>Marjorie L. Erickson, Esq.<br>OFFICE OF THE U.S. TRUSTEE<br>128 East Carrillo Street<br>Santa Barbara, CA 93101 |
| **Debtor's Restructuring Advisors**<br>John Brincko<br>BRINCKO ASSOCIATES, INC.<br>12100 Wilshire Blvd., Suite 1030<br>Los Angeles, CA 90025 | **Creditors' Committee Chair**<br>**Attorneys for SAG, WGA, and DGA**<br>Joseph A. Kohanski, Esq.<br>BUSH QUINONEZ GOTTLIEB ADELSTEIN & DICKINSON<br>3500 W. Olive Ave., Suite 1100<br>Burbank, CA 91505 |
| **Counsel for Film Finances, Inc.**<br>Gary E. Gans, Esq.<br>Mitchell, Silberberg & Knupp<br>11377 West Olympic Blvd.<br>Los Angeles, CA 90064 | Gene Hackman<br>c/o Fred Specktor<br>CREATIVE ARTISTS AGENCY<br>9830 Wilshire Blvd.<br>Beverly Hills, CA 90212 |
| **Creditors' Committee Member**<br>**Counsel for Intertainment Licensing GmbH**<br>Samuel A. Newman, Esq.<br>Eric Fromme, Esq.<br>Scott A. Edelman, Esq.<br>GIBSON DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197 | **Counsel for Morgan Creek Productions Inc.**<br>Alan S. Gutman, Esq.<br>Law Offices of Alan S. Gutman<br>9401 Wilshire Blvd., Ste. 575<br>Beverly Hills, CA 90212-2918 |
| **Creditors' Committee Member**<br>Christopher M. Trunkey<br>Scott Sebasty<br>PHOENIX PICTURES INC.<br>10202 W. Washington Blvd., Suite 106<br>Culver City, CA 90232-3195 | **Creditors' Committee Member**<br>Matt Salinger<br>PLAN B PRODUCTIONS<br>c/o New Moon Productions<br>1700 Broadway, 17th Floor<br>New York, NY 10019 |

| | | |
|---|---|---|
| 1 | | |
| | Creditors' Committee Member | Counsel for Shochiku Co., Ltd. |
| 2 | c/o Vicki G. Shapiro | David Fidler, Esq. |
| | Assistant General Counsel | KLEE, TUCHIN, BOGDANOFF & |
| 3 | SCREEN ACTORS GUILD, INC. | STERN |
| | 5757 Wilshire Blvd. | 1999 Avenue of the Stars, 39th Floor |
| 4 | Los Angeles, CA 90036 | Los Angeles, CA 90067 |
| 5 | | |
| 6 | Stuart I. Koenig, Esq. | Request for Special Notice |
| | CREIM, MACIAS, KOENIG & FREY LLP | Martin Zohn, Esq. |
| 7 | 633 West Fifth Street, 51st Floor | PROSKAUER ROSE, LLP |
| | Los Angeles, CA 90071 | 2049 Century Park East, Suite 3200 |
| 8 | | Los Angeles, CA 90067-3206 |
| 9 | | |
| 10 | Request for Special Notice | Michael Lurey |
| | Attorneys for Warner Bros. | Latham & Watkins |
| 11 | Lawrence Peitzman, Esq. | 633 W. 5th Street, #4000 |
| | PEITZMAN, WEG, & KEMPINSKY LLP | Los Angeles, CA 90071-2005 |
| 12 | 10100 Santa Monica Blvd., Suite 1450 | |
| | Los Angeles, CA 90067 | |
| 13 | | |
| 14 | | |
| | Request for Special Notice | Request for Special Notice |
| 15 | Attorneys for Sony Pictures Entertainment | Lance N. Jurich, Esq. |
| | Jennifer L. Nassiri, Esq. | LOEB & LOEB |
| 16 | Sara L. Chenetz, Esq. | 10100 Santa Monica Blvd., Suite 2200 |
| | DLA PIPER us LLP | Los Angeles, CA 90067-4164 |
| 17 | 1999 Avenue of the Stars, 4th Floor | |
| | Los Angeles, CA 90067-6022 | |
| 18 | | |
| 19 | | |
| | Request for Special Notice | Request for Special Notice |
| 20 | Counsel for Film Finances, Inc. | Counsel for Castle Rock Pictures, Inc. |
| | Lawrence A. Diamant, Esq. | Wayne M. Smith, Esq. |
| 21 | ROBINSON, DIAMANT & WOLKOWITZ | WARNER BROS. ENTERTAINMENT |
| | Century Park east, Suite 1500 | INC. |
| 22 | Los Angeles, CA 90067 | 4000 Warner Blvd. |
| | | Building 156 So., Room 5158 |
| 23 | | Burbank, CA 91522 |

| | | |
|---|---|---|
| 1 | Counsel for Morgan Creek<br>Joseph Eisenberg, Esq.<br>JEFFER, MANGELS, BUTLER &<br>MARMARO<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 | Request for Special Notice<br>Counsel for XL Reinsurance America<br>Gary J. Valeriano, Jesse Hernandez,<br>Mark Krone<br>ANDERSON McPHARLIN &<br>CONNERS<br>444 S. Flower Street, Thirty-First Floor<br>Los Angeles, CA 90071-2901 |
| 7 | Request for Special Notice<br>Counsel for Epsilon Motion Pictures GmbH<br>Paul Glassman, Adam Starr<br>GREENBERG TRAURIG, LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404 | Request for Special Notice<br>Counsel for Andrew Vanja<br>RUTTER HOBBS & DAVIDOFF, INC.<br>Brian Davidoff, Esq.<br>1901 Avenue of the Stars, Suite 1700<br>Los Angeles, CA 90067 |
| 11 | Request for Special Notice<br>Counsel for The Film Musicians<br>Secondary Market Fund<br>David G. Marcus, Esq.<br>CELLA, LANGE & CELLA<br>23120 Alicia Parkway, Suite 200<br>Mission Viejo, CA 92692 | Counsel for MHF Zweite Academy,<br>et al.<br>Jonathan S. Shenson<br>Klee, Tuchin, Bogdanoff & Stern LLP<br>1999 Avenue of the Stars, 39th Floor<br>Los Angeles, CA 90067 |
| 16 | Request for Special Notice<br>Brian A. Sun, Esq.<br>JONES DAY<br>555 S. Flower Street, 50th Floor<br>Los Angeles, CA 90071 | Request for Special Notice<br>Counsel for Elie Samaha<br>JONES DAY<br>77 West Wacker Drive<br>Chicago, IL 60601-1692 |
| 20 | Counsel for Airmovies, Inc.<br>Jeffrey E. Gersh, Rochelle A. Herzog<br>ZIMMERMAN, ROSENFELD, GERSH & LEEDS<br>9107 Wilshire Blvd., Suite 300<br>Beverly Hills, CA 90210-5528 | Request for Special Notice Filmline Int'l<br>Corrine Rebhun, Esq.<br>KAYE SCHOLER LLP<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, CA 90067 |

| | | |
|---|---|---|
| 1 | Golden Productions<br>4834 Gamling Lane<br>Orlando, FL 32821 | Counsel for Wolf Films, etc.<br>Michael D. Holz, Esq.<br>LAVELY & SINGER<br>2049 Century Park East, Suite 2400<br>Los Angeles, CA 90067-2906 |
| 5 | Counsel for MHF Zweite Academy, et al.<br>Ernst-August Schneider-Geschaftsfuhrer<br>Academy Film GmbH Luise-Ullrich-Strasse 8<br>D-82031 Grunwald, Germany | Counsel for New City Releasing<br>Eric P. Israel, Esq.<br>DANNING, GILL, DIAMOND &<br>KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067-2904 |
| 9 | Co-Counsel for CB Productions<br>Mark Serlin, Esq.<br>Serlin & Whiteford, LLP<br>813 F. Street, 2nd Floor<br>Sacramento, CA 95814 | Counsel for Creditor Terence L. Young<br>Carlos R. Perez, Esq.<br>REICH, ADELL, CROST & CVITAN<br>2670 N. Main Street, Suite 300<br>Santa Ana, CA 92705 |
| 13 | Financial Advisor for Debtors<br>Philip Fier<br>Focus Advisory Services<br>874 Fiske Street<br>Pacific Palisades, CA 90272 | Poser Investments, Inc.<br>Attn: Richard Hudson Share, Esq.<br>150 N. Santa Anita Avenue, Suite 530<br>Arcadia, CA 91006 |
| 17 | Counsel to Home Box Office, Inc.<br>Stephen Sapienza, Esq.<br>Home Box Office Inc.<br>1100 Avenue of the Americas<br>New York, NY 10036 | Request for Special Notice Counsel for<br>Proteus Films, John J. Nicholson pka<br>Jack Nicholson<br>David Gould, P.C.<br>MCDERMOTT WILL & EMERY LLP<br>2049 Century Park East, 34th Floor<br>Los Angeles, CA 90067-3208 |

| | | |
|---|---|---|
| 1 | James Yenzer<br>Liquidity Solutions, Inc.<br>One University Plaza, Suite 312<br>Hackensack, NJ 07601 | Co-Counsel for FilmMusiciansFund<br>Mark Sharf, Esq.<br>Sharf Law Firm<br>15821 Ventura Blvd., Ste. 275<br>Encino, CA 91436 |
| 5 | Counsel for CB Productions<br>James F. Lindsay, Esq.<br>560 West Main Street, Suite C-876<br>Alhambra, CA 91801 | Attorneys for the Stevens Parties<br>Richard Esterkin<br>Morgan, Lewis & Bockius LLP<br>300 South Grand Ave., 22nd Floor<br>Los Angeles, CA 90071-3132 |
| 9 | Request for Special Notice *Apollo Media*<br>Marina Fineman, Esq., Gary Klausner, Esq.<br>Stutman, Treister & Glatt PC<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067-3208 | Proposed Motion Picture Accounting<br>And Auditing Consulting<br>Sills & Adelmann<br>Attn: Steven D. Sills<br>1801 Century Park East, Suite 1450<br>Los Angeles, CA 90067 |
| 14 | Elie Samaha<br>8228 West Sunset Blvd.<br>Los Angeles, CA 90048-2414 | |